*475 OPINION of the Court, by
Judge Owsley.
This is a writ of error brought to reverse a decree of the court below, made in pursuance to an award compelling the heirs of Galloway, by their guardian, to convey a Certain tract of land.
The award was made under an order of the late court of quarter session, referring all matters of difference in a suit said to be therein depending between Joel Hill, complainant, and the heirs of William Gallóway, defendants, to the final determination of certain persons named, upon the consent of the complainant by his counsel, and the defendants by their guardian.
In consequence of irregularities apparent upon the order of submission, we are of opinion the decree of the court below must be reversed,
When the order of submission was made, according to strict practice, it was certainty irregular to carry on a suit against the heirs of a dead person without naming them | and it might be a question, were there no other objection to the order, Whether it could be sustained in consequence of neither the heirs nor guardian bplfig named. But be that as it may, We apprehend the ortfer In other respects is fatally defective: for as it purports *476 to be a submission of a suit depending between Hill and the heirs of Galloway, it would seem to follow, the referees could under the order determine such matters only as were contested in a suit between the parties. It will not be denied hut .the parties might, when the order was made, by an agreement containing a statement of the matter in contest, and by making the same an order of courts have referred all matters, whether in suit or not, to the determination of judges of their own choosing : hut as no such agreement is shown in the present case, and the order refers to a suit depending between the parties, to maintain the order such á suit must have been depending when it wras made. But if the record is examined no such suit will be found to have existed y for although a suit appears to have been brought by Hill against William Galloway in the quarter session court, that suit upon the death of Galloway abated; and as it had not been revived against his heirs, it cannot be said, as to them, to have been depending. The order, therefore, as it contains ,a submission of the matters in contest between the parties in a suit depending between them, when in fact no such suit appears then to have existed, it cannot support the award upon which the decree was made.
A fuit which has abated by the death of one of the parties, and never reviv. ed, cannot be laid to be depending.
The decree must therefore be reversed with costs, the cause remanded to the court below, and the order”of submission set aside.