Judge Underwood
delivered the opinion of the Court.
At the February term, of the Meade county court, in the year 1827, Trent obtained letters of administration, on the estate of Eliza Renfro, deceased. At the ensuing March term, of said court, the order appointing Trent administrator, was rescinded, and administration granted to Jane Renfro, the plaintiff in error, and mother of the deceased. After this, Trent as administrator, instituted an action of trover, against said Jane, to recover for the conversion of a slave, which belonged to the deceased. Issue was taken pn the plea, of not guilty, with leave to give the special matter in evidence. The plaintiff in the action, claimed under the letters of administration, granted to him, while the defendant claimed under those granted to her; and the whole case, most clearly turned upon the legal question, whether, the administration granted to Trent, had been superseded by the rescinding order at March, and the appointment pf the defendant.
Ccunty ccurts,by the statute, are vested with “jurisdieticn of all causes, respecting wills, letters of administration, &c.” See 1 Dig. 356, This power, vested in the county courts of this state, is substituted in place of the power, which the ordinary possessed in England, over the administration upon intestates estates, and we cannot limit it, within less bounds, than were prescribed by the laws of England, for Ordinances. According to the law on this subject, as laid down by Toller, administrations are void or voidable. See section 8¡¡ *605 119. It is there laid down expressly, that “if administration be granted to a party, not next of kin,” it is voidable. That is this case, precisely. How is it to be avoided? It cannot be done in this country, unless, by the sentence of the county court. As jurisdiction is granted to the county courts over administrations generally,changing administrations, isa necessary incidental power, to effectuate the objects of the law in many cases. For instance, if the administrator should become non compos mentis, or if he should be notoriously mismanaging the assets, there ought to be, and in our opinion, there is power in the county court, to interpose, remove the incumbent, and appoint another. Whether county courts can repeal an order, granting a certificate of probate, to an executor, is a question of a very different character. It was hinted at, in the case of Gordon, &c. vs. Wood, Administrator, 4 Bibb, 476; but not decided, and will not now be decided. The executor derives his authority from the will, the administrator derives his from the law. The law in some cases may take back that which it grants, while it could not disturb that granted by another.
Darby, for plaintiff; Semple, for defendant.
It is stated in the bill of exceptions, that the plaintiff in the circuit court, and defendant here, proved “that the negro was the property of the decedent.” Under that proof, connected with the order of the county court, repealing his letter of administration, the “law of the case was for the defendant,” and we cannot conceive, how it could be otherwise; but the court refused to tell the jury so, on the application of the defendant, asking for that instruction.
Wherefore, the judgment of the circuit court is reversed, and the cause remanded, for a new trial. The plaintiff in error, must recover her costs of the defendant, tobe levied of his estate,because it appears to us, that he is not administrator of Eliza Renfro, although he sues in that character.